GIA LIN CHEN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–3652–ag.

United States Court of Appeals,
Second Circuit.

Jan. 11, 2007.

■

Gia Lin Chen, pro se, New York, NY, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Gia Lin Chen, a citizen of the People's Republic of China, seeks review of a June 20, 2005 order of the BIA affirming the February 4, 2004 written decision of Immigration Judge ("IJ") Alan L. Page denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gia Lin Chen*, No. A 78 282 665 (B.I.A. June 20, 2005), *aff'g* No. A 78 282 665 (Immig. Ct. N.Y. City Feb. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ In this case, we are unable to determine the degree to which the BIA intended to "adopt and affirm" the IJ's opinion—and consequently, the proper scope of our review—because, while the BIA claims to adopt and affirm the IJ's decision, its conclusion rests on very different grounds. *Compare Secaida–Rosales v. INS*, 331

F.3d 297, 305 (2d Cir.2003) (when the BIA issues an opinion fully adopting the IJ's opinion, we review the IJ's decision), *with Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005) (when the BIA does not adopt the IJ's decision to any extent, we review only the decision of the BIA). Here, the IJ expressed some doubts about Chen's credibility, but expressly declined to make an adverse credibility finding and instead found that he failed to meet his burden of proof. The BIA, however, purported to adopt and affirm that decision *because* it agreed with the IJ's conclusion that Chen was "unworthy of belief." Contrary to the BIA's conclusion, its reasons for denying Chen's claim do not coincide with the IJ's, and this need for clarification is alone cause for remand.[1]

■ However, in light of additional ambiguities in the IJ's factual findings, further clarification is needed on remand. We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

After admitting that there were no major inconsistencies in Chen's testimony, the IJ noted three potential discrepancies raised by his documentary submissions—yet also admitted that two of these concerns lent themselves readily to reconciliation. Chen's testimony regarding his de-

---

1. We note that the BIA's confusion could be due, in part, to a lack of clarity in the decision of the IJ. Although the IJ expressly declined to find that the petitioner "completely lack[ed] credibility," he based his finding that the petitioner failed to meet his burden of proof on

"doubt ... in this court's mind regarding whether or not what the respondent said actually happened." On remand, it may be necessary for the BIA to remand to the IJ for a clarification of the basis of his decision.

tention was arguably consistent with the information on his imprisonment discharge certificate, and while he gave a date for a photograph that was inconsistent with his prior testimony, his attorney confirmed his explanation that he became aware of that error independently and tried to correct it. The IJ's equivocal findings do not provide "specific, cogent" reasons to support an adverse credibility finding, *cf. Secaida–Rosales,* 331 F.3d at 307, and it is not clear that we can affirm the IJ's actual conclusion—that Chen's testimony was insufficient to meet his burden of proof—when the BIA's language suggests it may not have adopted that conclusion. Therefore, we grant the government's motion to remand, with instructions to the agency to (1) make an explicit finding regarding Chen's credibility, applying the relevant guidelines established in this circuit; and, if Chen is found credible, (2) determine whether he met his burden of proof on his asylum and withholding claims.

We do not remand Chen's CAT claim, however, because he did not raise it, much less argue it meaningfully, in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring aliens to exhaust their administrative remedies before seeking review in this Court); *Karaj v. Gonzales,* 462 F.3d 113, 119–20 & n. 3 (2d Cir.2006).

For the foregoing reasons, the Government's motion to remand is GRANTED, in part, the BIA's order is VACATED, in part, and the case is REMANDED for further proceedings consistent with this opinion. The petition for review is GRANTED, in part, DENIED, in part, with respect to the CAT claim, and the government's request to stay briefing is DENIED as moot. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).